8201

MEETZE v. SOUTHERN EXPRESS CO.

CARRIER—FREIGHT—EXPRESS COMPANIES—INTERSTATE SHIPMENTS.—FED-
ERAL STATUTES.—THE ACT OF 1910, 26 STATS., 717, amending section
1710 of Code of 1902, and providing a penalty for failure of initial
carrier to inform interested parties when, where and by what con-
necting carrier an interstate shipment was damaged or lost is sus-
pended by the Federal statute of 1906 known as the "Carmack
amendment" (Supplement U. S. Statutes, 1909, 1166), which provides

that in such cases the initial carrier is liable in cases of loss or damage in an interstate shipment.

MR. JUSTICE WOODS *thinks this case does not require an expression of opinion as to whether the State statute is not of force so far as it relates to terminal and intermediate carriers.*

MR. JUSTICE HYDRICK, *with whom concurs* MR. JUSTICE WATTS, *thinks the State statute in requiring the initial carrier to give certain information does not conflict with the Federal statute as this subject is not covered by that statute.*

Before WILSON, J., Richland, November, 1911. Reversed.

Action by C. E. Meetze against Southern Express Company in court of Magistrate J. H. Fowles. From Circuit order, affirming magistrate's judgment, defendant appeals.

*Messrs. Barron, Moore, Barron & McKay, J. Nelson Frierson,* for appellant, cite: *The evidence as to negligence being in writing this issue is reviewable here:* 70 S. C. 178, 554; 87 S. C. 267; 86 S. C. 510; 81 S. C. 461. *Refusal of magistrate to grant continuance is abuse of discretion:* 39 S. C. 339; 29 S. C. 87; 82 S. C. 236. *The act of 1910 if applied to interstate shipments is unconstitutional:* 163 U. S. 299; 217 U. S. 524; 158 U. S. 98; 196 U. S. 194; 219 U. S. 186; 55 U. S. 180. *Exacting a penalty under this statute deprives defendant of his property without due process:* 75 S. C. 276; 169 U. S. 133, 311; 78 S. C. 42; 31 L. R. A. (N. S.) 1; 61 W. Va. 616; 219 U. S. 186.

*Messrs. Rembert & Monteith,* contra.    Oral argument.

May 3, 1912.    The opinion of the Court was delivered by

MR. JUSTICE FRASER.    This is an action by the plaintiff for "the sum of fifty dollars, penalty for failing to trace and inform in regard to package shipped over defendant's line on December 15, 1910."    Judgment was obtained for

the loss of the package and a subsequent action was brought for the penalty under the act of the General Assembly of South Carolina, 1910, page 717.

The action was brought in the magistrate's court, where judgment for the penalty was obtained. The defendant appealed to the Circuit Court. The Circuit Court sustained the magistrate, and the defendant again appealed to this Court.

Mrs. C. E. Meetze lives in Columbia, S. C., and shipped a parcel from that place by express to Mrs. B. F. Cantey at Williston, North Dakota.

This is unquestionably within the law that governs interstate commerce. The regulation of interstate commerce is within the control of the Federal Government, and when it undertakes to regulate a matter of interstate commerce its regulations are exclusive. Where shipments passed through the hands of several carriers, it was always hard, and sometimes impossible, in case of loss or damage, for the shipper to fix the responsibility. In order to remedy this evil, Congress adopted what is known as "the Carmack Amendment" in 1906, whereby it is provided: "That any common carrier, * * * receiving property for transportation from a point in one State to a point in another State, shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or any common carrier, railroad or transportation company to which such property may be delivered, or over whose line or lines such property may pass, and no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from liability hereby imposed: *Provided*, That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law." Supplement U. S. Statutes 1909, 1166.

The State statute, under which this action was brought, was passed subsequently and cannot be included in the proviso.

The State statute of 1910 affords the means of answering the question in intrastate shipments—Who is liable?

The Federal statute in interstate shipments answers the question before it is asked. It says the receiving carrier is liable.

The first exception is sustained.

The first exception being sustained, the other questions do not fairly arise.

The judgment of this Court is that the judgment of the Circuit Court is reversed and the case dismissed.

MR. CHIEF JUSTICE GARY concurs.

MR. JUSTICE WOODS, concurring in the result. This action was brought by the plaintiff, the shipper of a package from Columbia, S. C., to Williston, North Dakota, against the defendant, the initial carrier, to recover the penalty of fifty dollars, provided by the State statute of 1910 (26 Stat. 717), for failure to pay the loss or damage or trace the property and inform the person interested when, where and by which carrier the said property was lost, damaged or destroyed within forty days.

The Federal statute, known as the Carmack Amendment, provides that in such shipments as this the initial carrier shall be liable at all events for the loss or damage. This statute, without doubt, covers the subject of the liability of the initial carrier; and the later statute of the State providing an additional or different liability by imposing a penalty for failure to pay for the loss or damage, or to trace and locate the loss or damage and give information to the person interested, must yield to the Federal statute. Hence, there can be no recovery in this suit for the penalty against the initial carrier. The case does not require an expression of

opinion as to whether the State statute is not of force, in so far as it relates to terminal and intermediate carriers; and on that important point I think the Court should expressly reserve its opinion.

. MR. JUSTICE HYDRICK, *dissenting.* I cannot agree that there is any conflict between section 1710 of the Code of Laws of 1902, as amended by the act of 1910, and the Carmack Amendment. The Carmack Amendment makes the initial carrier liable in all events, but it does not pretend to interfere with the right of action which the holder of the bill of lading had against the carrier actually in default. On the contrary, in express terms, it saves to him that right of action. For various reasons—especially for reasons of convenience—the holder of the bill of lading may prefer to prosecute his right of action against the carrier who lost, destroyed or damaged his goods, because that may be the carrier nearest to him. Take the present case for illustration. The plaintiff sent her sister a Christmas present. When it failed to reach its destination, she might well have said to her sister: I have given you the present, but I do not care to incur the trouble and expense of litigating with the express company to recover its value for you. On the other hand, the sister living in North Dakota might have concluded that the inconvenience and expense would be too great for her to come to South Carolina and sue the initial carrier for its value. But if she could have ascertained that the terminal carrier, at her own home, had lost the goods, and was liable to her, she would have undertaken to enforce her rights there at less trouble and expense. There may be other reasons why the holder of the bill of lading would find it to his advantage to sue the defaulting instead of the initial carrier. The initial carrier had the means whereby he can, in most instances, readily and at little trouble or expense trace the shipment and ascertain when, where and by which carrier it was lost, damaged or

destroyed; but, if, after exercising due diligence in that behalf, it fails to do so, it is excused. On the other hand, the holder of the bill of lading has no means whatever of getting the desired information. There is nothing in the interstate commerce law, including the Carmack Amendment, upon the subject of requiring the initial carrier to give the holder of the bill of lading this information.

Therefore, Congress has not undertaken to regulate that subject. That it is within the power of the State to do so, until Congress does take jurisdiction of the subject matter by appropriate legislation, is well settled by the decisions of this Court and the Supreme Court of the United States.

MR. JUSTICE WATTS *concurs.*